# UNITED STATES DISTRICT COURT
## District of Kansas
(Kansas City Docket)

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**                            **CASE NO. 2:25-cr-20006-DDC-ADM**

**KENDRA GONZALEZ,**

        **Defendant.**

## INDICTMENT

**THE GRAND JURY CHARGES**:

Introduction:

1.    Midwest Companies (Midwest), located in Kansas City, Kansas, was a trucking business specializing in commercial trucking transportation, repair, sales and towing services.

2.    Kendra Gonzalez (Defendant) began working at Midwest in March 2021 as a Senior Accountant and was eventually promoted to company Controller.

3.    As Controller, the defendant was responsible for accounting, entering

1

transactions into the company's accounting software, month-end closings, and possessed signatory authority on Midwest bank accounts.

4. As Controller, the defendant was given a Midwest company debit and credit card to use for business expenses. Midwest used Mastercard debit cards (Comdata) for company truck drivers to charge fuel, maintenance, and specific pre-approved charges. Midwest's Comdata cards operated as a pre-paid debit card that Midwest would deposit funds into every few weeks for truck drivers to use. The defendant was authorized to use the Comdata card for business expenses and not personal expenses.

5. Beginning from in and around December 2023 and continuing until she was terminated from Midwest, in or around March 2024, the defendant purchased more than 150 items from Poshmark using Midwest Comdata debit card end in 0237 without approval. Poshmark was a social commerce marketplace where users could buy and sell secondhand fashion, home goods, and electronics with its principal place of business in Redwood, California, with offices in Vancouver, Canada, Melbourne, Australia, and Chennai, India.

6. The defendant established an account with Poshmark and used her personal email to conduct online transactions. Items purchased by the defendant through Poshmark were sent to her personal address in Overland Park, Kansas.

7. Using a Midwest Comdata debit card, the defendant made more than

$260,000 in unauthorized online purchases of luxury Louis Vuitton, YSL, and Chanel handbags through Poshmark.

8. The defendant also conducted unauthorized wire transactions, sending funds to associates and family members using a Midwest Comdata debit card.

9. Additionally, using a Midwest Comdata debit card, the defendant paid for personal travel to Springfield, Illinois, and Branson, Missouri, including a dinner show, a jet boat excursion, and hotel accommodations.

10. The defendant purchased items from Poshmark's website using an IP address from her residence in Overland Park, Kansas, and an IP addressed registered with Midwest in Kansas City, Kansas. The purchases were made using the Comdata debit card, and Comdata does not have servers in Kansas.

11. The grand jury re-alleges and incorporates by reference herein, the factual allegations in Paragraphs 1 through 10.

## COUNT 1
## WIRE FRAUD
## [18 U.S.C. § 1343]

12. On or about December 28, 2023, in the District of Kansas, the defendant,

**KENDRA GONZALEZ,**

for purposes of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false

and fraudulent pretenses, representations, and by omissions of material facts, did cause to be transmitted by means of a wire communications in interstate commerce the writings, signs, signals, pictures and sounds: to wit, an online purchase a YSL Bundle hand-bag in the amount of $3,763.95.

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE NOTICE

13.    The allegations contained in Count 1 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.  The property to be forfeited includes, but is not limited to, the following:

> A.  A forfeiture money judgment against the defendant in an amount equal to the amount of gross proceeds obtained or derived by her from the commission of Count 1.
>
> B.  Approximately 150 luxury handbags purchased by defendant using Midwest Comdata card ending in 0237.
>
> If any of the property described above, as a result of any act or omission

of the defendant:

> A.    cannot be located upon the exercise of due diligence;
>
> B.    has been transferred or sold to, or deposited with, a third party;

4

  C. has been placed beyond the jurisdiction of the court;

  D. has been substantially diminished in value; or

  E. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

            A TRUE BILL.

February 13, 2025        s/Foreperson
DATE             FOREPERSON OF THE GRAND JURY


DUSTON J. SLINKARD
Acting UNITED STATES ATTORNEY

By: /s/ Jabari B. Wamble
JABARI B. WAMBLE
Assistant United States Attorney
District of Kansas
500 State Avenue, Suite 360
Kansas City, Kansas 66101
Ph: (913) 551-6730
Fax: (913) 551-6541
Email: jabari.wamble@usdoj.gov
Ks. S. Ct. No. 22730

> IT IS REQUESTED THAT THE TRIAL BE HELD IN KANSAS CITY, KANSAS

## **PENALTIES**

**Count 1:  18 U.S.C. § 1343 [Wire Fraud]**

- Punishable by a term of imprisonment of not more than twenty (20) years.

- A term of supervised release of at least five (5) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).